UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ERIC REYES,

                              Plaintiff,

             -against-

CITY OF NEW YORK; Police Officer YAKOV KAUSHANSKIY, Shield No. 6528; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## **PARTIES**

6. Plaintiff ERIC REYES ("plaintiff" or "Reyes") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Yakov Kaushanskiy, Shield No. 6528 ("Kaushanskiy"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kaushanskiy is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 7:45 p.m. on April 17, 2013, plaintiff was lawfully walking in the vicinity of 1522 61st Street in Brooklyn, NY.

13. Plaintiff, who was in Brooklyn for physical therapy, was walking to the store with his friend Louis Tortorella.

14. As they walked toward the store, they were approached by numerous defendants, including Kaushanskiy.

15. Plaintiff was stopped, searched and placed in handcuffs.

16. Plaintiff, along with numerous other individuals, was transported to the 62nd Precinct.

17. Defendants informed plaintiff that illegal controlled substances were recovered from within 1522 61st Street.

18. Plaintiff does not reside at that address and has never resided at that address.

19. Plaintiff lives in Staten Island, as evidenced by his driver's license and all his identification.

20. At the precinct the defendants falsely informed employees of the Kings County District Attorney's Office that plaintiff had been in possession of illegal

controlled substances.

21. At no point did the defendants observe plaintiff in possession of any contraband.

22. Plaintiff was taken to Brooklyn Central Booking.

23. Plaintiff was arraigned and bail was set.

24. After spending seven days on Rikers Island, plaintiff testified in the Grand Jury and all charges against him were dismissed.

25. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Abuse Of Process

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The individual defendants issued legal process to place Plaintiff under arrest.

34. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their wrongful entry into plaintiff's home.

35. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **FOURTH CLAIM**

### **Failure To Intervene**

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

39. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **FIFTH CLAIM**
### **Monell**

41. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

43. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

44. The City, through its police department, has a *de facto* quota police that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

45. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

46. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

47. These policies, practices, and customs were the moving force behind plaintiffs' injuries

### **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   March 8, 2016
         New York, New York

/s/
Robert Marinelli
305 Broadway, 9th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*

/s/
Christopher Wright
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1419
Wright@Wrightlawnyc@gmail.com

*Attorney for plaintiff*